Alan J. Leiman (OSB No. 980746)
alan@leimanlaw.com
Leiman Law, P.C.
PO Box 5383
Eugene, OR  97401

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **TABATHA NOLLEN,** individually,<br><br>Plaintiff,<br><br>     v.<br><br>**PACIFIC CAST TECHNOLOGIES, INC.,** a Nevada corporation,<br><br>Defendant. | **CASE NO**.: 6:23-cv-00112<br><br>**COMPLAINT**<br>(AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 112101 et seq.; ORS 659A.)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, TABATHA NOLLEN ("Plaintiff", or "Ms. Nollen"), brings this action for disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C.§12112, and ORS 659A, against PACIFIC CAST TECHNOLOGIES, INC. ("Defendant", or "PCT") Ms. Nollen makes her allegations based upon personal knowledge, information, and belief.

### JURISDICTION AND VENUE

1.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 29 U.S.C. §216(b), and 42 U.S.C §12117.  Jurisdiction of the state law claims is conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

2.      Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this complaint occurred in the District of Oregon.

1 – Complaint

## PARTIES

3. Plaintiff Tabatha Nollen resides in Linn County, Oregon and worked at Defendant PCT's Albany, Oregon manufacturing facility from on or around May 1995 to October 2021. PCT became Ms. Nollen's employer when it acquired Plaintiff's previous employer, Allegheny Technologies, Inc. ("ATI"), in 2019.

4. At all times material to this Complaint, Ms. Nollen was an individual with a disability, withing the meaning of 42 U.S.C. § 12102(1)(A), and there was a record of her disability, and Defendant regarded her as disabled, because as the result of a work related injury, she suffered from an injured left arm. Moreover, she was a qualified individual with a disability, within the meaning of 42 U.S.C. § 12111(8), because she was able to perform the essential functions of her job with reasonable accommodation and she did so until Defendant refused to continue accommodating her in August 2022.

5. Defendant Pacific Cast Technologies, Inc. is a Nevada corporation doing business in Oregon that acted as Plaintiff's "employer" within the meaning of 42 U.S.C. § 12111 because it employed 15 or more people for each working day during each of 20 or more calendar workweeks in the calendar year of and previous to the events described in this Complaint. Defendant was also Plaintiff's "employer" within the meaning of ORS 659A.106.

## FACTS

6. Defendant PCT manufactures castings for the aerospace industry at a facility in Albany, Oregon.

7. In December 2012, while employed by Defendant's predecessor ATI, Plaintiff suffered an on-the-job injury to her left arm that resulted in a medical condition that substantially limits one or more life activity.

2 – Complaint

8. When Plaintiff returned to work following the 2012 injury, she worked from on or around April 2015 until on or around August 22, 2021 in the position of a Wax Assembler under medically issued permanent restrictions that accommodated her disability.

9. Plaintiff was able to perform the essential functions of her position as a Wax Assembler, with accommodation, and did perform those functions while employed by Defendant until August 2021 when Defendant required Plaintiff to perform work outside of the permanent restrictions she had been working under since the restrictions were issued by a workers' compensation physician on April 30, 2015.

10. On July 13, 2021, Plaintiff re-injured herself at work. Plaintiff missed one day of work. When Plaintiff returned to work on July 15, 2021, she continued to work as a Wax Assembler under the permanent medical restrictions that had been in place since April 30, 2015 for approximately one month. After approximately one-month, on or around August 22, 2022, Defendant changed Ms. Nollen's job duties and required her to perform duties that were outside of the permanent restrictions she had been working under prior to the July 13, 2021 re-injury.

11. Ms. Nollen attempted to perform the requested duties and after one day reported to Defendant that they were asking her to work outside of her restrictions and that the work was causing substantial pain as the result of her work related disability.

12. On or around August 26, 2021, Ms. Nollen presented Defendant with a letter from her workers' compensation physician confirming that the permanent work restrictions from April 30, 2015 still applied. Plaintiff also repeated her complaint that the work she was being required to do was outside of her permanent restrictions, and that performing the work caused her substantial pain from her disability.

13.     Also on or around August 26, 2021, Defendant told Ms. Nollen that she could not be accommodated and placed Plaintiff on a medical leave of absence.

14.     Defendant was unwilling to accommodate Ms. Nollen by continuing to allow her to work under the permanent restrictions that dated back to April 30, 2015 after Plaintiff missed one day of work due to re-injury of her left arm.  Approximately one month following the re-injury to her disabled arm, Defendant tasked Ms. Nollen with work that was outside of her permanent restrictions, and after Ms. Nollen reported that it caused her pain from her work related disability, Defendant failed to engage in the interactive process.

15.     On October 27, 2021 Plaintiff advised Defendant that Defendant had constructively discharged her from her employment because they would not accommodate her and allow her to return to work.

16.     On November 10, 2021, Plaintiff filed a complaint with the Oregon Bureau of Labor and Industries which was co-filed with the Equal Employment Opportunity Commission ("EEOC"). The EEOC closed its investigation and issued a Notice of Right to Sue on January 19, 2023, to expire 90 days thereafter.  This action is timely filed within that timeframe.

### FIRST CLAIM FOR RELIEF
### (American with Disabilities Act - 42 U.S.C § 12112)

17.     Plaintiff Nollen re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 16 above.

18.     Defendant PCT discriminated against Ms. Nollen in violation of 42 U.S.C. § 12112 when it failed to reasonably accommodate her by not allowing her to continue to perform the duties of a Wax Assembler under the permanent restrictions she had been working under since they were issued on April 30, 2015 within approximately one month after she missed one day of work after re-injuring her left arm while on the job.

4 – Complaint

19.     Defendant PCT discriminated against Ms. Nollen in violation of 42 U.S.C. § 12112 when it constructively discharged Plaintiff by not allowing her to return to work as a Wax Assembler with the reasonable accommodation of the permanent restrictions that Plaintiff had been working under since they were issued on April 30, 2015.

20.     In addition to economic damages, Plaintiff Nollen is entitled to recover for the non-economic damages she has suffered, including emotional distress, as a result of Defendant's violations of the American with Disabilities Act.  These damages are continuing.  Plaintiff Nollen is entitled to recover payment for the non-economic damages in an amount to be determined by the jury at trial but not to exceed $500,000.

21.     Defendant PCT's actions were taken in bad faith, maliciously or with reckless indifference to Plaintiff Nollen's rights, entitling her to punitive damages in an amount to be determined by a jury but not to exceed $500,000.

22.     Plaintiff Nollen is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to 42 U.S.C. § 12205.  Plaintiff is entitled to pre-judgment and post-judgment interest pursuant to 28 U.S.C. § 1961.

## SECOND CLAIM FOR RELIEF
### (ORS 659A.040)

23.     Plaintiff Nollen re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 16 above.

24.     Defendant PCT discriminated against Ms. Nollen in violation of ORS 659A.040 by changing the terms and conditions of Ms. Nollen's employment based on her use of the Worker's Compensation system.

25.     Plaintiff Nollen seeks front pay, backpay, and non-economic damages for the emotional distress she suffered as a result of Defendant's discrimination in violation of ORS 659A.040 in an

amount to be proven at trial, and reasonable attorney fees and costs of this action, as provided by ORS 659A.885.

### THIRD CLAIM FOR RELIEF
### (ORS 659A.040) (OAR 839-005-0011)

26. Plaintiff Nollen re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 16 above.

27. Defendant PCT discriminated against Ms. Nollen in violation of ORS 659A.040 and OAR 839-005-0011 by constructively discharging her based on her use of the Worker's Compensation system.

28. Plaintiff Nollen seeks front pay, backpay, and non-economic damages for the emotional distress she suffered as a result of Defendant's discrimination in violation of ORS 659A.040 and OAR  839-005-0011in an amount to be proven at trial, and reasonable attorney fees and costs of this action, as provided by ORS 659A.885.

### FOURTH CLAIM FOR RELIEF
### (ORS 659A.046)

29. Plaintiff Nollen re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 16 above.

30. Defendant PCT discriminated against Ms. Nollen in violation of ORS 659A.046 when Defendant failed to reemploy Ms. Nollen to suitable and available work on the basis of her use of the Workers' Compensation system.

31. Plaintiff Nollen seeks front pay, backpay, and non-economic damages for the emotional distress she suffered as a result of Defendant's discrimination in violation of ORS 659A.046 in an amount to be proven at trial, and reasonable attorney fees and costs of this action, as provided by ORS 659A.885.

## FIFTH CLAIM FOR RELIEF
### (ORS 659A.112)

32. Plaintiff Nollen re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 16 above.

33. Defendant PCT discriminated against Ms. Nollen in violation of ORS 659A.112 when Defendant imposed different terms and conditions of employment on the basis of Ms. Nollen's disability.

34. Plaintiff Nollen seeks front pay, backpay, and non-economic damages for the emotional distress she suffered as a result of Defendant's discrimination in violation of ORS 659A.112 in an amount to be proven at trial, and reasonable attorney fees and costs of this action, as provided by ORS 659A.885.

## SIXTH CLAIM FOR RELIEF
### (ORS 659A.112) (OAR 839-005-0011)

35. Plaintiff Nollen re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 16 above.

36. Defendant PCT discriminated against Ms. Nollen in violation of ORS 659A.112 and OAR 839-005-0011 by constructively discharging Plaintiff on the basis of her disability.

37. Plaintiff Nollen seeks front pay, backpay, and non-economic damages for the emotional distress she suffered as a result of Defendant's discrimination in violation of ORS 659A.112 and OAR 839-005-0011in an amount to be proven at trial, and reasonable attorney fees and costs of this action, as provided by ORS 659A.885.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule Of Civil Procedure 38(b), Plaintiff Nollen hereby demands a trial by jury as to all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nollen respectfully asks the Court to grant the following relief against Defendant:

1. On the First, Second, Third, Fourth, Fifth, and Sixth Claims for Relief:

    a. Front pay in an amount to be determined by the Court because reinstatement is not practicable;

    b. Past lost earnings and benefits of employment in an amount to be proven at trial;

    c. Non-economic damages to be proven at trial;

    d. Punitive damages in an amount to be proven at trial;

    e. Costs in this action, including Plaintiff's reasonable attorney fees, costs, and expert witness fees;

    f. Pre-judgment and post-judgment interest, as appropriate, on all amounts due to Plaintiff as a result of this action; and

    g. Such other relief as the Court deems just and proper.

DATED January 23, 2023.

                                      Respectfully submitted,

                                      __/s Alan J. Leiman_____
                                      Alan J. Leiman
                                      E-mail: alan@leimanlaw.com
                                      Oregon State Bar No.: 980746
                                      Leiman Law, P.C.
                                      PO Box 5383
                                      Eugene, OR  97405
                                      Telephone: (541) 345-2376
                                      Attorney for Plaintiff